UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOPE DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD M. POOLE,<br><br>    Defendant. | Case No.  14-cv-04711-JSC<br><br>**ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE WITH RECOMMENDATION THAT ACTION BE REMANDED** |

    Defendant Ronald M. Poole, proceeding pro se, removed this adversarial complaint brought by Plaintiff United States Trustee Tracy Hope Davis from the United States Bankruptcy Court, Northern District of California, San Francisco to the United States District Court for the Northern District of California, San Francisco.  Defendant has filed an application to proceed in forma pauperis ("IFP").  (Dkt. No. 2.) The Court has reviewed the IFP Application and finds that Defendant qualifies.  Therefore, the IFP Application is GRANTED.

    Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed in forma pauperis if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Defendant contends that removal is proper under 28 U.S.C. § 1441(b) and § 1443(1); however, these provisions govern removal of actions from state court to federal court, not from a federal bankruptcy district court to a district court within the same district.  Because the removal was improper, and Defendant has not yet consented to the jurisdiction of a magistrate judge, the undersigned reassigns this action to a district court judge with the recommendation that the case be immediately remanded to the United States Bankruptcy Court, Northern District of California.

## DISCUSSION

Plaintiff United States Trustee Tracy Hope Davis filed the underlying adversarial proceeding against Defendant Ronald M. Poole on August 1, 2014 in the United States Bankruptcy Court, Northern District of California, San Francisco. *See Davis v. Poole*, No. 14-3092 (N.D. Cal. Bankr.) (Dkt. No. 1). In the action, Plaintiff contends that "[s]ince 2009, Defendant has commenced seven bankruptcy cases and has failed to fulfill his duties and responsibilities as a debtor." *Id*. ¶ 4. Plaintiff seeks a judgment enjoining Defendant from future bankruptcy filings for two years and assessment of sanctions for any future violation of the refiling bar. *See id*. ¶ 5. On the day Defendant's motion to dismiss the adversary proceedings was to be heard, he filed a notice of removal. *See Davis v. Poole*, No. 14-3092 (N.D. Cal. Bankr.) (Dkt. Nos. 11 & 12.)

Plaintiff removed this action under 28 U.S.C. § 1441(b) and § 1443(1); however, both these provisions govern removal of actions from state court to federal court. Section 1441(b) governs removal of actions based on diversity of citizenship and section 1443 governs removal of civil rights actions. Neither provision authorizes removal of an action from one district court within a district to another within the same district. Nor would removal be proper under Section 1452 which governs removal of claims related to bankruptcy proceedings as courts within this circuit have held that a civil action pending in the district court cannot be removed to the bankruptcy court in the same district. *See, e.g.*, *Boyd v. GMAC Mortgage LLC*, No. No. 11-5018, 2012 WL 1424992, at *1 (N.D. Cal. Apr. 24, 2012) (holding that removal from the district court to the bankruptcy court in the same district is improper); *Del Campo v. Am. Corrective Counseling Serv.*, No. C 01–21151, 2009 WL 656282, at *2 (N.D. Cal. Mar.12, 2009) (holding that the plain language of section 1452 "allows for a claim to be removed to a 'district court,' not from the district court to a bankruptcy court in the same district"); *LFP LP LLC v. Midway Venture LLC*, No. 10–1546, 2010 WL 4395401, at *1 (C.D. Cal. Oct. 29, 2010) (holding that purported "notice of removal" to bankruptcy has no practical effect because the "bankruptcy court and [the] district court are courts within the same judicial district"). It follows that the same is true for removal from the bankruptcy court to the district court within the same district.

1    The proper procedure for moving a bankruptcy proceeding to the district court is to file a
2 motion to withdraw the reference pursuant to 11 U.S.C. § 157(d).  *In re Blackman*, 55 B.R. 437,
3 440 (Bankr. D. D.C. 1985); *see also In re Ziviello-Howell*, No. No. 11-CV-00916, 2011 WL
4 2144417, at *2 (E.D. Cal. May 31, 2011) (discussing the standard applicable to a motion to
5 withdraw the reference).   To the extent that Defendant seeks to have this adversarial proceeding
6 heard by the district court rather than the bankruptcy court, he must first follow this procedure.
7    Accordingly, as removal was improper, the Court RECOMMENDS that the district judge
8 immediately REMAND this action to the United States Bankruptcy Court, Northern District of
9 California.
10   **IT IS SO ORDERED**.
11 Dated: October 30, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge